UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOEL FRIEDMAN,

                Plaintiff,

-v-

YEHUDA FRIEDMAN; FAIGY TYRNAUER; JOEL TEITELBAUM; HON. ROBERT A. ONOFREY; ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, ADULT PROTECTIVE SERVICES DIVISION; JOHN DOES 1-95; JANE DOE 1-20,

                Defendants.

21-CV-6526 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

    Plaintiff brings this pro se action, for which the filing fee has been paid, under the Court's federal question jurisdiction. The Court dismisses the Complaint without prejudice for the reasons set forth below.

STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), that it fails to state a claim, *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The Complaint names the following defendants: Plaintiff's brother Yehuda Friedman ("Yehuda"); his sister Faigy Tyrnauer; his brother-in-law Joel Teitelbaum; Judge Robert A. Onofry of the New York State Supreme Court, Orange County; and the Orange County Department of Social Services Adult Protective Services Division ("DSS/APS"). The Complaint sets forth the following facts.

On or about September 11, 2018, Yehuda "forcibly removed" Plaintiff from his apartment and seized his personal and business property and assets. (Compl. ¶ 20 (Dkt. No. 1).) Yehuda initiated a guardianship proceeding in Orange County Supreme Court under New York Mental Health Law Article 81. On January 3, 2019, Judge Onofry found Plaintiff to be incompetent and appointed as co-guardians Yehuda, Tyrnauer, and Teitelbaum. Attachments to the Complaint include Yehuda Friedman's guardianship application and Judge Onofry's order granting the application. (*Id.* Exhs. A, B.) In the guardianship application, Yehuda claims that at the behest of another brother, Benzion Friedman ("Benzion"), Plaintiff refused necessary medical and mental health treatment while he was hospitalized, and that Benzion is himself "not mentally stable," and has a "history of acting in a manipulative and toxic manner." (*Id.* at 9.)

According to Plaintiff, the co-guardians have "never provided" him with "any assistance whatsoever" to meet his basic living or religious needs, that his complaints to Judge Onofry and DSS/APS have gone unanswered, and that he filed this Complaint as a "last measure." (*Id.* ¶¶ 22–30.) Plaintiff seeks an order "declaring that the defendant's refusal to provide him with basic life necessities or to be heard is unconscionable." (*Id.* at 6.) Plaintiff claims both that he has been "incapacitated since childhood," and that he is "fully capable of prosecuting this lawsuit."

2

Plaintiff asks for the appointment of a guardian ad litem should the Court decide that Plaintiff "requires to be represented by someone other than himself." (*Id.* ¶ 10 and n.1.)

DISCUSSION

Under Federal Rule of Civil Procedure 17(c)(2), courts "are generally prohibited from 'making a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented.'" *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). "If a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, (2d Cir. 2003). Under Rule 17, "[t]he court must appoint a guardian *ad litem* – or issue another appropriate order – to protect a[n] . . . incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c); *Watkins v. AHRC*, No. 20-CV-10878, 2021 WL 1534241, at *5 (S.D.N.Y. Apr. 19, 2021) (holding that "a person who is adjudicated incompetent and who does not have a duly appointed representative may only sue by a next friend or guardian *ad litem*.").

A plaintiff's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1); *Galanova v. Portnoy*, 432 F. Supp. 3d 433, 442 n.8 (S.D.N.Y. 2020). Under New York law, an individual declared legally incompetent can only appear by his or her guardian. *See* N.Y. C.P.L.R. § 1201; *see also Brewster v. John Hancock Mut. Life Ins. Co.*, 280 A.D.2d 300 (1st Dep't Feb. 6, 2001) (holding that an adult incapable of adequately prosecuting or defending his or her rights shall appear by his or her guardian). Additionally, "once a guardian is appointed for an incapacitated person, litigation against . . . the guardian as

3

representative of the incapacitated person should not proceed without the permission of the court which appointed the guardian." *Wright v. Rickards*, 94 A.D.3d 874 (2d Dep't Apr. 10, 2012); *see also Terry v. County of Suffolk, N.Y.*, 654 F. App'x 5, 6 (2d Cir. June 7, 2016) (holding that plaintiff's claims against the guardian were properly dismissed because the plaintiff did not obtain permission to sue from the court that appointed the guardian).

Here, pursuant to a 2019 order of the Orange County Supreme Court, Plaintiff was declared incompetent, and guardians were appointed to represent his interests. Plaintiff filed this Complaint pro se, and seeks to sue those guardians without securing the state court's permission. For these reasons, the Court dismisses the Complaint without prejudice.

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's Complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his Complaint.

## CONCLUSION

Plaintiff's Complaint is dismissed without prejudice. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   August 19, 2021
          White Plains, New York

                                              KENNETH M. KARAS
                                              United States District Judge